**Richard Eppink** (ISB No. 7503)
ritchie@wrest.coop
**Casey Parsons** (ISB No. 11323)
casey@wrest.coop
**David A. DeRoin** (ISB No. 10404)
david@wrest.coop
**Wrest Collective**
812 W. Franklin St.
Boise, ID 83702
208-742-6789 (phone)

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| **SIERRA CLUB**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**CITY OF BOISE**, an Idaho municipal corporation,<br><br>                    Defendants. | Case No. 1:24-cv-169<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

The Sierra Club, as plaintiff, complains against the City of Boise, defendant, as follows:

1. Invoking an antique ordinance that has stood on the books unchanged for over 70 years, police in Boise have recently started ticketing protesters for using megaphones—and arresting them if they don't stop. This ordinance, Boise City Code § 5-7-3, as well as two others at §§ 7-7A-5(D)(4), and 7-7A-7(C), are unconstitutional. The Boise City Code even prohibits small groups from holding a

meeting or any public activity in a city park without getting advance permission from the City. And police are now using Boise's ordinances to silence and chill protected free speech in public forums where it is the most protected: the streets, sidewalks, plazas, and parks of downtown Boise.

     2. The plaintiff in this lawsuit is the Sierra Club. The Sierra Club is a nonprofit organization of over 2,500 members in Idaho and over 690,000 members in the United States. The Sierra Club's mission is: To explore, enjoy, and protect the wild places of the earth; To practice and promote the responsible use of the earth's ecosystems and resources; To educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives. The Idaho Chapter of the Sierra Club carries out this mission in the state of Idaho with local staff, volunteers, and members, including its Idaho Climate Justice League youth activist group made up of high school and junior high students. These Sierra Club representatives use public demonstrations in public forums like Boise's streets, sidewalks, plazas, and parks, to exercise their rights to free expression, assembly, and association by communicating its messages about matters of public policy and concern to policymakers, decisionmakers in government and industry, the public, press, and others. The Sierra Club and its members have censored themselves because of the City of Boise's ordinances and a new trend enforcement against protesters in downtown Boise.

     3. The Sierra Club's Idaho Chapter owns a megaphone, portable public address system, and bluetooth audio speaker. It has used these during public

VERIFIED COMPLAINT – Page 2

demonstrations to communicate its messages to members, protesters, the public, the press, and leaders in government and industry and their staff. The Sierra Club has used its megaphone within Boise city limits to amplify its messages so that they were clearly audible 100 feet away and more. This photo shows Sierra Club Idaho Chapter Director Lisa Young (right) looking on as a young Sierra Club member delivers a rallying speech in Boise on November 3, 2022, about an Idaho Public Utilities Commission hearing, using a PA system in violation of Boise City Code § 5-7-3:



Young herself has been involved in organizing public demonstrations in Boise that have used megaphones and other amplified sound in violation of the ordinances challenged here, dating back to at least 2010. This photo, for example, shows Young leading a Critical Mass protest on bike from Camel's Back Park to the Grove Plaza in Boise, without any permits or other government permission, including for amplified sound:



4. Until last year, the Sierra Club's Idaho Chapter used its megaphone and amplification devices without any concern, complaint, or interference by police or other government agents. But the Sierra Club has since learned of a pattern of police in Boise ticketing and arresting protesters after they used megaphones in public places in Boise.

VERIFIED COMPLAINT – Page 4

5. As a direct and proximate cause of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) and the defendant's conduct in maintaining and enforcing those ordinances, the Sierra Club and its members have suffered and will continuing suffering harm, including through self-censorship and the impairment of its rights and its members' rights to speak, assemble, associate, and communicate.

6. Defendant City of Boise is a municipal corporation organized under the laws of the State of Idaho, and it has the capacity to be sued. The City is the legal and political governmental entity responsible for the actions of the Boise Police Department and its officials, agents, and employees. The City is sued in its own right and on the basis of the acts and omissions of its officials, agents, and employees.

7. The Sierra Club brings this action to enjoin violations of the First and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over the plaintiff's 42 U.S.C. § 1983 claims under 28 U.S.C. §§ 1332 and 1343(a)(3). It has jurisdiction to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and F.R.C.P. 65. Venue is proper in this Court and District under 28 U.S.C. § 1391(b) because the City of Boise is subject to personal jurisdiction here and because the events and omissions giving rise to this action occurred in this District.

## FACTS

8. On information and belief, during the whole decade from 2010 through 2020, Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) were seldom—if ever—enforced against protesters using megaphones or other amplified sound.

9. A new City of Boise mayor took office in January 2020, and later that year the mayor named a new Boise police chief.

10. In April 2021, Boise police cited Ty Werenka under Boise City Code § 5-7-3 for using a megaphone near Myrtle Street and Eighth Street during a march protesting the police killing of Daunte Wright, through downtown Boise on a Saturday afternoon.

11. The state court magistrate judge presiding over that case acquitted the protester after the City rested its case at trial, determining that the City had failed to carry its burden and raising concerns about selective enforcement of the ordinance.

12. In May 2022, Boise police cited Idaho Abortion Rights protester Kimra Luna under Boise City Code § 5-7-3 for using a megaphone during another protest march through downtown Boise on a Saturday afternoon. Boise police also arrested that protester when they refused to hand over their megaphone to police, violently ripping the megaphone away from the protester as well:



13. The City of Boise dismissed the case against that protester on its own motion.

14. In January 2023, Boise police cited another Idaho Abortions Rights protester, Ashlee Worle, under Boise City Code § 5-7-3, again for using a megaphone during a protest march through downtown Boise on a Saturday afternoon. Once again, Boise police arrested that protester when she refused to hand over her megaphone to police; and the police arrested another protester, Tiffani Deems, as well when she tried to protect the protester with the megaphone from police use of force against her. And once again, police violently stripped away the megaphone that had been used to lead peaceful chants during the march:







The Boise City Code § 5-7-3 citation was recently dismissed as part of a plea deal.

15. In December 2023, Boise police cited another protester. Police cited this protester under Boise City Code § 5-7-3 for using a megaphone during a rally, in downtown Boise near Front Street and Eighth Street, calling for a ceasefire in Palestine. A photo by journalist Kiryn Willett shows the group assembled during this rally:



The City's case against this protester remains pending.

16. Police in Boise observe violations of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C), both by protesters engaged in speech about political and social issues and by others. On information and belief, since 2020 police in Boise have chosen to disproportionately focus enforcement on protesters using amplified sound in violation of Boise City Code § 5-7-3, and police also make arbitrary decisions about when and how to enforce Boise City Code § 5-7-3 against protesters.

17. Boise City Code § 5-7-3, states that:

It shall be unlawful for any person to operate or permit the operation of any loud amplification device in such a manner that the sound therefrom:

A.   Is plainly audible within any place of residence not the source of the sound; or

B.   Is plainly audible upon a public right-of-way or street at a distance of one hundred feet (100') or more from the source of such sound.

18. But the following section, Boise City Code § 5-7-4, provides a slew of

exemptions:

The following sounds are exempted from the provisions of this chapter:

A.   Sounds caused by any emergency vehicle or personnel when responding to an emergency call or acting in time of emergency;

B.   Sounds caused by activities upon any outdoor Municipal, school, religious or publicly owned property or facility; provided, that such activities have been authorized by the owner of such property or facility or its agent;

C.   Sounds caused by parades, fireworks displays or any other event for which a permit for that type of activity is required and has been obtained from the authorized governmental entity within such hours as may be imposed as a condition for the issuance of said permit;

D.   Sounds caused by locomotives or other railroad equipment;

E.   Sounds caused by burglar alarms that are not in violation of this Code;

F.   Sounds caused by safety warning devices required by law;

VERIFIED COMPLAINT – Page 11

G.   Sounds caused by devices approved for use within the confines of the particular zoning designation that the device is located or pursuant to a conditional use permit (i.e., drive-through window speakers, car lot PA systems);

H.   Sounds emanating from devices used within the common areas of a multi-unit facility whose use has been approved by the owners or management of the facility. Said use must be in compliance with any regulations imposed by the owners or management of the facility to be exempt under this chapter. This exemption only applies in relation to other units within the same facility.

19. The City of Boise has maintained Boise City Code §§ 5-7-3 and 5-7-4 unchanged in its code, on information and belief, since at least 1952.

20. In addition to Boise City Code § 5-7-3, another provision, Boise City Code § 7-7A-5(D)(4) states:

Park Use. No person in any park shall:

. . . .

4. Permit Required. Conduct, sponsor, promote or publicly advertise any meeting . . . or other public activity in a park; or any activities which include amplified sound, use of equipment or apparatus, . . . or interference with the normal activities and regular use or maintenance of the park without obtaining a park use permit.

21. But, as with Boise City Code § 5-7-3, there are apparently no written criteria or procedures restricting the City's discretion to deny or impose conditions on a permit for these activities in a park under Boise City Code § 7-7A-5D(4), nor any published requirement that the City state reasons for denials or any conditions it imposes.

VERIFIED COMPLAINT – Page 12

22. And then, Boise City Code § 7-7A-7(C), found just a bit below § 7-7A-5(D)(4) in the Code, states:

> Sound: No person shall operate or aid in the operation of private radios, stereophonic or sound-amplification devices at a greater operating level than sixty two (62) decibels measured at a distance of twenty feet (20') from such radios or devices except by permit in designated areas.

23. Violations of Boise City Code §§ 7-7A-5(D)(4) and 7-7A-7(C) are misdemeanors. Violation of Boise City Code § 5-7-3 is an infraction.

24. In 2023, the Sierra Club learned of the City's new trend of enforcing Boise City Code § 5-7-3 against protesters who use megaphones in public forums in downtown Boise.

25. Due to fear of enforcement of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C), the Sierra Club has repeatedly censored itself. It has decided it will not use megaphones or a PA system during demonstrations in Boise except when it has reserved the Capitol steps. The ordinances have chilled and continue to severely chill the Sierra Club by deterring it from using megaphones and amplified sound to communicate its messages about climate change, policy proposals, and actions by Idaho utilities, and by inhibiting the Sierra Club from rallying members and the public.

VERIFIED COMPLAINT – Page 13

## CLAIMS FOR RELIEF

### 1. Freedoms of Speech, Assembly, and Association
### under the United States Constitution
### (42 U.S.C. § 1983 and Declaratory Judgment)

26. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) and police enforcement and threatened enforcement of them violate the freedoms of speech, assembly, and association guaranteed by the First Amendment and Fourteenth Amendment of the United States Constitution.

27. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are facially unconstitutional under the First Amendment and Fourteenth Amendment, and they are also unconstitutional as applied to Plaintiff and others like Plaintiff and as applied in public forums in Boise.

28. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are also facially unconstitutional due to overbreadth, and the ordinances prohibit a substantial amount of protected expression and activity relative to any legitimate sweep they may have.

29. Under 42 U.S.C. § 1983, the Sierra Club is entitled to injunctive relief prohibiting enforcement Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) against it—and against others not before the Court as well—under federal law.

30. Separately and in addition, because the ordinance violates the freedoms of speech, assembly, and association guaranteed by the First Amendment and Fourteenth Amendment of the United States Constitution, the Sierra Club is also

VERIFIED COMPLAINT − Page 14

entitled under 28 U.S.C. §§ 2201–2202 to a declaratory judgment declaring that Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are unconstitutional or, in the alternative, only to ever be interpreted in particular ways prescribed by this Court so as to be constitutional.

### 2. Freedoms of Speech, Assembly, and Association under the United States Constitution (Idaho Constitution and Declaratory Judgment)

31. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) and police enforcement and threatened enforcement of them violate the freedoms of speech, assembly, and association guaranteed by Article I, Sections 9 and 10, of the Idaho Constitution.

32. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are facially unconstitutional under the Article I, Sections 9 and 10, of the Idaho Constitution, and they are also unconstitutional as applied to Plaintiff and others like Plaintiff and as applied in public forums in Boise.

33. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are also facially unconstitutional due to overbreadth, and the ordinances prohibit a substantial amount of protected expression and activity relative to any legitimate sweep they may have.

34. Under the Idaho Constitution, the Sierra Club is entitled to injunctive relief prohibiting enforcement Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) against it—and against others not before the Court as well—under state law.

35. Separately and in addition, because the ordinance violates the freedoms of speech, assembly, and association guaranteed by Article I, Sections 9 and 10, of the Idaho Constitution, the Sierra Club is also entitled under 28 U.S.C. §§ 2201–2202 to a declaratory judgment declaring that Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are unconstitutional or, in the alternative, only to ever be interpreted in particular ways prescribed by this Court so as to be constitutional.

### 3. Vagueness
### (42 U.S.C. § 1983 and Declaratory Judgment)

36. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are void for vagueness and so violate the First Amendment and Fourteenth Amendment of the United States Constitution.

37. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are facially unconstitutional under the First Amendment and Fourteenth Amendment, and they are also unconstitutional as applied to Plaintiff and others like Plaintiff and as applied in public forums in Boise.

38. Separately and in addition, because Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are unconstitutional, if they continue to be published in the Boise City Code and by the City of Boise on the Internet, they will mislead and deceive Idahoans, including law enforcement and the general public, about the requirements of the law. The publication of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) without clear notice that the ordinances are unconstitutional and unenforceable would coerce compliance with the ordinances despite their

unconstitutionality and unenforceability, chill Idahoans from exercising free expression in public forums, and promote unconstitutional enforcement of the law by government actors. The lack of fair notice of the unconstitutionality and unenforceability of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) would violate the due process clause of the Fourteenth Amendment of the United States Constitution.

39. Under 42 U.S.C. § 1983, the Sierra Club is entitled to injunctive relief prohibiting enforcement of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) against it—and against others not before the Court as well—under federal law.

40. The Sierra Club is also entitled under 42 U.S.C. § 1983 to injunctive relief prohibiting the City of Boise from publishing Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) without clear notice of those ordinances' unconstitutionality and unenforceability.

41. Separately and in addition, because Boise City Code §§ 5-7-3, 7-7A-5(D) (4), and 7-7A-7(C) are void for vagueness and so violate the First Amendment and Fourteenth Amendment of the United States Constitution, the Sierra Club is also entitled under 28 U.S.C. §§ 2201-2202 to a declaratory judgment declaring that Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are unconstitutional or, in the alternative, only to ever be interpreted in particular ways prescribed by this Court so as to be constitutional.

42. Further, and also separately and in addition, the Sierra Club is entitled to a declaratory judgment declaring that continued publication of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) without clear notice of those ordinances' unconstitutionality and unenforceability is unconstitutional.

### 4. Vagueness
### (Idaho Constitution and Declaratory Judgment)

43. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are void for vagueness and so violate Article I, Section 13, of the Idaho Constitution.

44. Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are facially unconstitutional under tArticle I, Section 13, of the Idaho Constitution, and they are also unconstitutional as applied to Plaintiff and others like Plaintiff and as applied in public forums in Boise.

45. Separately and in addition, because Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are unconstitutional, if they continue to be published in the Boise City Code and by the City of Boise on the Internet, they will mislead and deceive Idahoans, including law enforcement and the general public, about the requirements of the law. The publication of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) without clear notice that the ordinances are unconstitutional and unenforceable would coerce compliance with the ordinances despite their unconstitutionality and unenforceability, chill Idahoans from exercising free expression in public forums, and promote unconstitutional enforcement of the law by government actors. The lack of fair notice of the unconstitutionality and

unenforceability of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) would violate Article I, Section 13, of the Idaho Constitution.

46. Under 42 U.S.C. § 1983, the Sierra Club is entitled to injunctive relief prohibiting enforcement of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) against it—and against others not before the Court as well—under federal law.

47. The Sierra Club is also entitled under 42 U.S.C. § 1983 to injunctive relief prohibiting the City of Boise from publishing Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) without clear notice of those ordinances' unconstitutionality and unenforceability.

48. Separately and in addition, because Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are void for vagueness and so violate Article I, Section 13, of the Idaho Constitution, the Sierra Club is also entitled under 28 U.S.C. §§ 2201-2202 to a declaratory judgment declaring that Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are unconstitutional or, in the alternative, only to ever be interpreted in particular ways prescribed by this Court so as to be constitutional.

49. Further, and also separately and in addition, the Sierra Club is entitled to a declaratory judgment declaring that continued publication of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) without clear notice of those ordinances' unconstitutionality and unenforceability is unconstitutional.

## RELIEF AND REMEDIES

The Sierra Club respectfully asks that this Court order the following relief and remedies:

1. Declare that Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) are unconstitutional, void, without effect, and unenforceable.

2. Grant a temporary restraining order, preliminary injunction, and permanent injunction prohibiting enforcement of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C).

3. To ensure that the public and law enforcement officers have accurate notice of the requirements of the law, and to prevent chilling speech, grant a permanent injunction requiring the City of Boise, with its agents, employees, and attorneys, to publish Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) only with clear notice that those ordinances are unconstitutional and unenforceable, and to so instruct law enforcement officers that they cannot enforce the ordinances.

4. Declare that the City of Boise's continued publication of Boise City Code §§ 5-7-3, 7-7A-5(D)(4), and 7-7A-7(C) without clear notice of those ordinances' unconstitutionality and unenforceability is unconstitutional.

5. Waive the requirement for posting bond as security for entry of temporary or preliminary relief.

6. Award plaintiff the costs of this action and reasonable attorney's fees as allowed by law.

7. All other relief that the Court deems to be just and equitable.

DATED: April 2, 2024

**WREST COLLECTIVE**

/s/ Richard Eppink                /s/ Casey Parsons
Richard Eppink                    Casey Parsons

/s/ David A. DeRoin
David A. DeRoin

**ATTORNEYS FOR PLAINTIFF**

VERIFIED COMPLAINT – Page 21

## VERIFICATION

I, Lisa Young, verify that I have read the allegations in this Verified Complaint and that, other than allegations made upon information and belief, the allegations are true to the best of my knowledge, and I believe that the allegations made upon information and belief are true.

Under 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

EXECUTED: April 2, 2024

_____
Lisa Young

VERIFIED COMPLAINT – Page 22