Tyler D. Williams [ISB No. 8512]
Reid K. Peterson [ISB No. 10091]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Suite 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email tdw@naylorhales.com; reid@naylorhales.com

Attorneys for Defendant City of Boise

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOISE, an Idaho municipal corporation,<br><br>Defendant. | Case No. 1:24-cv-00169-DCN<br><br>**ANSWER TO COMPLAINT** |

Defendant, by and through its attorneys of record, Naylor & Hales, P.C., answer Plaintiff's Verified Complaint on file herein as follows:

1. The Defendant denies each and every allegation contained in Plaintiff's Complaint not herein specifically and expressly admitted. The Defendant reserves the right to amend this and any other answer or denial stated herein, once it has had an opportunity to complete discovery regarding the allegations contained in Plaintiff's Complaint.

2. Answering paragraph 1 of Plaintiff's Complaint, Defendant denies.

3. Answering paragraph 2 of Plaintiff's Complaint, Defendant lacks information to admit or deny and therefore denies.

4. Answering paragraph 3 of Plaintiff's Complaint, Defendant lacks information to admit or deny and therefore denies.

5. Answering paragraph 4 of Plaintiff's Complaint, Defendant lacks information to admit or deny and therefore denies.

6. Answering paragraph 5 of Plaintiff's Complaint, Defendant denies.

7. Answering paragraph 6 of Plaintiff's Complaint, Defendant admits.

8. Answering paragraph 7 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over properly pled matters involving 28 U.S.C. §§ 1332 & 1343 and 42 U.S.C. § 1983; however, in making this admission, Defendant does not admit that any such matters are actually properly pled in Plaintiff's Complaint, or that the facts set forth in Plaintiff's Complaint actually justify the exercise of such jurisdiction. To the extent this Court has jurisdiction over these matters Defendant admits venue is proper.

9. Answering paragraph 8 of Plaintiff's Complaint, Defendant denies.

10. Answering paragraph 9 of Plaintiff's Complaint, Defendant admits.

11. Answering paragraph 10 of Plaintiff's Complaint, Defendant admits.

12. Answering paragraph 11 of Plaintiff's Complaint, Defendant admits only that Werenka was acquitted of violating Boise City Code § 5-7-3. Defendant denies the remaining allegations.

13. Answering paragraph 12 of Plaintiff's Complaint, Defendant admits only that Luna was cited for violating Boise City Code § 5-7-3 and arrested. Defendant denies the remaining allegations.

14. Answering paragraph 13 of Plaintiff's Complaint, Defendant admits.

15. Answering paragraph 14 of Plaintiff's Complaint, Defendant admits only that Worle was cited for violating Boise City Code § 5-7-3, Worle and Deems were arrested, and the citation against Worle was dismissed. Defendant denies the remaining allegations.

16. Answering paragraph 15 of Plaintiff's Complaint, this paragraph lacks sufficient specificity for Defendant to admit or deny and Defendant therefore denies.

17. Answering paragraph 16 of Plaintiff's Complaint, Defendant admits only that there have been violations of Boise City Code § 5-7-3. Defendant denies the remaining allegations.

18. Answering paragraph 17 of Plaintiff's Complaint, Defendant admits only that Plaintiff appears to have, as a general matter, correctly quoted Boise City Code § 5-7-3. To the extent the quoted language varies from the original text Defendant denies.

19. Answering paragraph 18 of Plaintiff's Complaint, Defendant admits only that Plaintiff appears to have, as a general matter, correctly quoted Boise City Code § 5-7-4. To the extent the quoted language varies from the original text Defendant denies.

20. Answering paragraph 19 of Plaintiff's Complaint, Defendant denies.

21. Answering paragraph 20 of Plaintiff's Complaint, Defendant admits only that Plaintiff appears to have, as a general matter, correctly quoted Boise City Code § 7-7A-5. To the extent the quoted language varies from the original text Defendant denies.

22. Answering paragraph 21 of Plaintiff's Complaint, Defendant denies.

23. Answering paragraph 22 of Plaintiff's Complaint, Defendant admits only that Plaintiff appears to have, as a general matter, correctly quoted Boise City Code § 7-7A-7. To the extent the quoted language varies from the original text Defendant denies.

24. Answering paragraph 23 of Plaintiff's Complaint, Defendant admits.

25. Answering paragraph 24 of Plaintiff's Complaint, Defendant lacks information to admit or deny and therefore denies.

26. Answering paragraph 25 of Plaintiff's Complaint, Defendant lacks information to admit or deny and therefore denies.

27. Answering paragraph 26 of Plaintiff's Complaint, Defendant denies.

28. Answering paragraph 27 of Plaintiff's Complaint, Defendant denies.

29. Answering paragraph 28 of Plaintiff's Complaint, Defendant denies.

30. Answering paragraph 29 of Plaintiff's Complaint, Defendant denies.

31. Answering paragraph 30 of Plaintiff's Complaint, Defendant denies.

32. Answering paragraph 31 of Plaintiff's Complaint, Defendant denies.

33. Answering paragraph 32 of Plaintiff's Complaint, Defendant denies.

34. Answering paragraph 33 of Plaintiff's Complaint, Defendant denies.

35. Answering paragraph 34 of Plaintiff's Complaint, Defendant denies.

36. Answering paragraph 35 of Plaintiff's Complaint, Defendant denies.

37. Answering paragraph 36 of Plaintiff's Complaint, Defendant denies.

38. Answering paragraph 37 of Plaintiff's Complaint, Defendant denies.

39. Answering paragraph 38 of Plaintiff's Complaint, Defendant denies.

40. Answering paragraph 39 of Plaintiff's Complaint, Defendant denies.

41. Answering paragraph 40 of Plaintiff's Complaint, Defendant denies.

42. Answering paragraph 41 of Plaintiff's Complaint, Defendant denies.

43. Answering paragraph 42 of Plaintiff's Complaint, Defendant denies.

44. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies.

45. Answering paragraph 44 of Plaintiff's Complaint, Defendant denies.

46. Answering paragraph 45 of Plaintiff's Complaint, Defendant denies.

47. Answering paragraph 46 of Plaintiff's Complaint, Defendant denies.

48. Answering paragraph 47 of Plaintiff's Complaint, Defendant denies.

49. Answering paragraph 48 of Plaintiff's Complaint, Defendant denies.

50. Answering paragraph 49 of Plaintiff's Complaint, Defendant denies.

51. Plaintiff's Complaint last contains Plaintiff's requested "Relief and Remedies," to the extent any answer is required thereto, the Defendant denies the allegations contained therein, deny that the Plaintiff has stated any valid cause of action, or that the Plaintiff is entitled to any of the relief requested therein.

**DEFENSES**

Defendant have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Plaintiff's Complaint and therefore reserve the right to request the Court to permit Defendants to amend their Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

**FIRST DEFENSE**

That the Plaintiff's Complaint fails to state a cause of action against the Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

That the allegations contained in the Plaintiff's Complaint do not rise to the level of a deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in the Plaintiff's Complaint.

**THIRD DEFENSE**

That the Plaintiff's causes of action for declaratory or injunctive relief are not ripe.

**FOURTH DEFENSE**

That, to the extent that the Plaintiff is asserting any claims based upon state law, Defendants request that this Court abstain from deciding such matters.

**FIFTH DEFENSE**

That the allegations contained in the Plaintiff's Complaint regarding its actions for declaratory and injunctive relief are based upon mere speculation and there is insufficient evidence that any future event complained of will or will not occur.

**SIXTH DEFENSE**

That the allegations contained in the Plaintiff's Complaint regarding its actions for declaratory and injunctive relief do not show or allege the sufficient likelihood of future injury or irreparable harm.

**SEVENTH DEFENSE**

That the allegations contained in the Plaintiff's Complaint regarding its complaint for declaratory and injunctive relief do not allege or show sufficient evidence of the existence of a reasonable likelihood of success.

**EIGHTH DEFENSE**

That the allegations contained in the Plaintiff's Complaint regarding its request for declaratory and injunctive relief do not show or sufficiently allege the existence of immediate or irreparable injury.

**NINTH DEFENSE**

That the Defendants acted in a reasonable and prudent fashion satisfying any duty, if any, that they owed under the rules, regulations, statutes, ordinances, customs, policies and usages of Ada County, the State of Idaho and/or the United States of America.

**TENTH DEFENSE**

That some or all of the Defendants are immune from liability because the acts or omissions complained of, if any, were done by said Defendants in good faith, with honest, reasonable belief that such actions were necessary and lawful at the time they occurred.

**ELEVENTH DEFENSE**

That the Plaintiff's Complaint fails to state a claim for relief against the Defendants entitling the Plaintiff to equitable relief.

**TWELFTH DEFENSE**

That some or all of the acts or omissions complained of by the Plaintiff against these Defendants did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiff of any civil rights.

**THIRTEENTH DEFENSE**

That the Plaintiff lacks standing to assert some or all of the claims set forth in her Complaint.

**FOURTEENTH DEFENSE**

That some or all of the Plaintiff's claims for declaratory or injunctive relief are moot.

**FIFTEENTH DEFENSE**

All general immunities statutory or otherwise applicable.

**ATTORNEY FEES**

Defendants have been required to retain attorneys in order to defend this action and are entitled to recover reasonable attorney fees pursuant to federal and state law and applicable Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1. That the Plaintiff's Complaint be dismissed with prejudice and that the Plaintiff take nothing thereunder.

2. That the Defendants be awarded their costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and Rule 56 of the Federal Rules of Civil Procedure.

3. That judgment be entered in favor of Defendants on all claims for relief.

4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 7th day of June, 2024.

NAYLOR & HALES, P.C.

By ***/s/ Reid K. Peterson***
REID K. PETERSON, Of the Firm
Attorneys for Defendant City of Boise

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Richard Eppink ritchie@wrest.coop
Casey Parsons casey@wrest.coop
David A. DeRoin david@wrest.coop
*Attorneys for Plaintiff*

***/s/ Reid K. Peterson***
REID K. PETERSON