UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| SIERRA CLUB,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF BOISE, an Idaho municipal corporation,<br><br>　　　　　　　Defendant. | Case No. 1:24-cv-00169-DCN<br><br>**ORDER COMPELLING MEDIATION AND EXTENDING CASE DEADLINES** |

## I. INTRODUCTION

Before the Court are Defendant City of Boise's Motion to Amend Scheduling Order (Dkt. 22) and Motion to Compel Mediation and/or Settlement Conference (Dkt. 23). The motions have been fully briefed and are ripe for the Court's review. Having reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

The Court outlined the factual background of this case in its April 2, 2024 Memorandum Decision and Order granting in part and denying in part Plaintiff Sierra

Club's Motion for Preliminary Injunction. Dkt. 14. Such facts are incorporated by reference.

Following entry of the Court's partial preliminary injunction, the parties submitted joint litigation and discovery plans agreeing to an expedited scheduling track and to specific case deadlines. Dkts. 19, 20. On July 16, 2024, the Court entered a Scheduling Order adopting the parties' proposed deadlines, including a November 15, 2024 deadline for the completion of all discovery and a December 13, 2024 deadline for dispositive motions. Dkt. 21.

Defendant filed its Motion to Amend Scheduling Order ("Motion to Amend") on November 15, 2024 (Dkt. 22), and its Motion to Compel Mediation and/or Settlement Conference ("Motion to Compel") on November 22, 2024.[1] Plaintiff opposes both motions. Dkt. 25.

### III. ANALYSIS

**A. Motion to Amend Scheduling Order (Dkt. 22)**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 109 (9th Cir. 1992). A court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). A district

---

[1] Given the impending Scheduling Order deadlines, the Court ordered expedited briefing on both motions. Dkt. 24. The parties complied, and the motions became ripe on December 4, 2024. Dkt. 26.

court has "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).

Defendant argues there is good cause to amend the Scheduling Order because it has uncovered more than 300,000 pages of documents that are responsive to Plaintiff's discovery requests, including microfiche and physical files scattered across various locations. Defendant suggests it would not have agreed to an expedited scheduling track had it known the extent of discovery involved. Despite its diligence in locating, reviewing, and producing documents, Defendant maintains it has been unable to complete this task due to the sheer volume and form of responsive documents.

Plaintiff opposes the Motion to Amend, arguing Defendant's deadline to respond to the Plaintiff's requests for production expired on the date Defendant filed its Motion to Amend.[2] Dkt. 25, at 3. Plaintiff contends extending the discovery deadline over its objection would only encourage other litigants to dally on discovery responses whenever they want to slow a case down. *Id*. at 5 (citing *Boarman v. Cnty. of Sacramento*, 55 F. Supp. 3d 1271, 1276 (E.D. Cal. 2014)). Plaintiff also highlights Defendant has not requested any discovery from Plaintiff, and that Plaintiff sought only the records Defendant not only identified in its own initial disclosures, but also agreed were relevant in the parties' joint

---

[2] While the Court agrees with Plaintiff that Defendant could have filed its Motion to Amend *before* the final day of discovery, Defendant attempted to negotiate a brief extension to case deadlines on November 5, 2024, and again on November 13, 2024, but Plaintiff failed to respond. Dkt. 22-2, ¶¶ 12–15. Plaintiff's apparent refusal to compromise resulted in the instant motion practice. As such, that Defendant did not file the instant Motion to Amend until the final day of discovery cannot be blamed entirely on Defendant.

discovery plan. *Id*. at 2–3. Because it contends Defendant has delayed in producing discovery, Plaintiff suggests the only appropriate relief "is to ensure Plaintiff is allowed to submit those materials during summary judgment proceedings, even if it does not receive them from Defendant before the dispositive motion deadline." *Id*. at 3.

As another judge of this District has previously noted, the "focus of the good cause inquiry is whether the moving party could not reasonably meet the established timeline in a scheduling order despite the party's diligence." *DIRECTTV v. Busdon*, 2005 WL 1364571, at *1 (D. Idaho June 8, 2005). Although Defendant failed to produce all requested documents by its deadline for doing so, the Court finds Defendant has, nevertheless, been diligent. Specifically, in response to Plaintiff's requests for production, Defendant produced 24,151 pages of documents on September 9, 2024. Dkt. 22-2, ¶ 4. Defendant supplemented its initial production on September 16, 2024, October 3, 2024, and November 6, 2024. *Id*. To date, Defendant has produced 311,129 pages of documents and videos to Plaintiff. Despite such significant production, Defendant needs more time to process, review, and Bates stamp additional responsive documents, as well as to produce a privilege log for Plaintiff's review. *Id*., ¶ 5. Far from delaying discovery, it appears Defendant has diligently reviewed and produced documents, but needs additional time in order to complete this mammoth task. Although Defendant has kept Plaintiff apprised of its challenges in producing discovery under an expedited schedule, Plaintiff has resisted any extension to the current discovery and dispositive motion deadlines.

Under such circumstances, the Court finds that despite its diligence, Defendant has been unable to meet the deadlines established in the Scheduling Order and has thus

established good cause to extend the discovery and dispositive motion deadlines. *DIRECTTV*, 2005 WL 1364571, at *1. Far from the "limited discovery" contemplated under the Court's expedited scheduling track, the voluminous responsive documents in this case exceed the "typical discovery" warranted under the Court's standard scheduling track, and even the "extensive discovery" justifying the Court's complex scheduling track. *See* https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm. As such, the mere three months between Plaintiff's August 2024 Requests for Production and the November 15, 2024 discovery deadline is simply untenable. The Court accordingly finds good cause to extend the discovery deadline.

With respect to dispositive motions, Plaintiff argues that while *it* could establish good cause to extend the deadline since Defendant has not finished producing the documents Plaintiff requested, Defendant cannot establish good cause to do so given Defendant's purported discovery delays. Plaintiff also suggests Defendant "has the advantage going into the summary judgment phase of this case" since Defendant "has access to its legislative history materials but Plaintiff does not[.]" Dkt. 25, at 3.

As explained above, given the extremely short timeframe and huge number of documents involved, the Court cannot find Defendant has delayed in producing discovery. And, regardless of which party purportedly has an advantage due to Defendant's incomplete discovery, the Court has no interest in the confusion, expense, and likely motion practice associated with allowing Plaintiff to submit discovery *after* it files its Motion for Summary Judgment, as Plaintiff proposes. *Id*. Nor is the Court inclined to

resolve the significant constitutional issues involved in this case on an incomplete record.[3] Dkt. 25, at 7. A short delay will allow the Court to decide this case on the merits with a fully developed record.

In short, Defendant has established good cause to extend the discovery and dispositive motion deadlines, and its Motion to Amend (Dkt. 22) is GRANTED.

### B. Motion to Compel (Dkt. 23)

Defendant next requests an order compelling mediation and/or a settlement conference between the parties. Defendant notes the parties have discussed a conditional settlement agreement but are at an impasse regarding two issues, which Defendant believes can be resolved by a neutral third party facilitating the process. Defendant highlights the parties agreed to participate in a settlement conference with United States Magistrate Judge Candy W. Dale, but a disagreement about its timing prevented a conference from being scheduled. In addition to the parties' dispute regarding timing, the Court's ADR Administrator notified Defendant that Judge Dale was not available for a settlement conference in November of 2024, but provided potential dates for a conference in December of 2024.[4] Dkt. 22-2, ¶ 13. Plaintiff did not respond to Defendant's request for

---

[3] Plaintiff also argues there is no reason to extend the dispositive motion deadline because the legal issues were already briefed in conjunction with its Motion for Preliminary Injunction. Dkt. 25, at 1. However, as Defendant notes, if the prior briefing and pleadings were alone sufficient to decide this case, Plaintiff could have filed a motion for judgment on the pleadings months ago without requesting any discovery from Defendant. Dkt. 26, at 2. That Plaintiff instead requested the extensive discovery illustrates such discovery is relevant to the ultimate disposition of this case.

[4] While Plaintiff suggests "it reluctantly agree to a judicial settlement conference *if* it could take place in November 2024," it was the Court's availability—and not any delay by Defendant—which prevented the conference from being scheduled in November 2024. Dkt. 25, at 7 (emphasis in original). Though Plaintiff contends "it remains open to settlement," a settlement conference or mediation must be scheduled when Judge Dale has time to do so, and not when Plaintiff demands. Dkt. 25, at 7.

an extension to case deadlines in order to participate in a settlement conference. *Id.*, ¶ 14. Accordingly, Defendant requests that the Court enter an order compelling the parties to mediate the outstanding disputes.

The Local Civil Rules for the District of Idaho provide that the Court may order a case to a settlement conference or mediation upon either its own initiative, or motion of a party, at any time before entry of final judgment. D. Idaho L. Civ. R. 16.4(b)(2)(B), (b)(3)(B), (c)(2). The court has the authority to require mediation—even over a party's objection—where doing so would yield significant benefits. *Jones v. Bank of Am., N.A.*, 2015 WL 11661769, at *2 (W.D. Wash., Apr. 2, 2015) (citing *Darrington v. Assessment Recovery of Washington, LLC*, 2014 WL 3858363, at *5 (W.D. Wash. Aug. 5, 2014) and *EEOC v. Evans Fruit Co.*, 872 F. Supp. 2d 1107, 1116 (E.D. Wash. 2012)). Alternative dispute resolution is a favored method for resolving cases because it reduces litigation burdens and enhances the Court's ability to timely provide traditional litigation services. Dist. Idaho Loc. Civ. R. 16.4(a)(1).

Here, the parties discussed a conditional settlement whereby: (1) Defendant would agree to engage in the legislative process to amend the challenged ordinances and/or enact new policy within a certain time period; (2) Plaintiff would have the option of withdrawing from the conditional settlement should Defendant either not amend the ordinances or amend the ordinances and/or enact new policy in a way that is not satisfactory to Plaintiff; (3) Plaintiff would be entitled to a sum certain for attorney fees; and (4) if Defendant amends the ordinances in a manner satisfactory to Plaintiff, the case would be dismissed with prejudice. Dkt. 23-1, at 2.

While the parties generally agree to the above framework, two issues—the amount of attorney fees that would be paid to Plaintiff and the conditions upon which Plaintiff could withdraw from a conditional settlement—are impeding settlement. *Id*. Plaintiff suggests that the central problem is Defendant's refusal "to divulge any details about, much less the language of, the ordinance amendments" to which Defendant wants Plaintiff to agree. Dkt. 25, at 4. However, Defendant explains it is not trying to require Plaintiff to agree that any specific language would be acceptable. Instead, if the language adopted by Defendant is unsatisfactory, Plaintiff may withdraw from the conditional settlement and continue with this litigation. Dkt. 26, at 4. By its very nature, a conditional settlement agreement would allow Plaintiff to withdraw if Defendant either failed to adopt changes or made changes to the language of the ordinance that were not satisfactory to Plaintiff.

Given that the crux of their remaining dispute is something as simple as attorney fees and the conditions upon which Plaintiff can withdraw from a conditional settlement, the Court finds a settlement conference could yield significant benefits. Such a conference would likely resolve, or at least narrow, the issues before this Court and would avoid the delay and expense associated with proceeding to summary judgment. Accordingly, Defendant's Motion to Compel is **GRANTED**.

### IV. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Amend (Dkt. 22) is **GRANTED**;

    a. The November 15, 2024 deadline for discovery and December 13, 2024 deadline for dispositive motions are **VACATED**.

b. The deadline for all factual discovery is continued to January 31, 2025. The dipositive motion deadline is continued to February 28, 2025.[5]

2. Defendant's Motion to Compel (Dkt. 23) is **GRANTED**;

a. The parties are directed to contact the Court's ADR Administrator and schedule a settlement conference or mediation at a mutually agreeable time during Judge Dale's next window of availability. The parties shall participate in such process in good faith and notify the Court of the result within seven (7) days of its completion.

DATED: December 9, 2024

David C. Nye
Chief U.S. District Court Judge

---

[5] The parties shall notify the Court on or before January 15, 2025, if they are unable to schedule a settlement conference or mediation prior to the new discovery deadline.