## CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT

This Conditional Release and Settlement Agreement ("Agreement") is made and entered into by Sierra Club ("Plaintiff") and the City of Boise ("Defendant" or the "City"). Plaintiff and Defendant are collectively referred to as the "Parties." The Effective Date of this Agreement will be the last signature date.

### RECITALS

A.  Plaintiff filed a Verified Complaint for Injunctive and Declaratory Relief in the United States District Court for the District of Idaho, Case No. 1:24-cv-00169-DCN (the "Lawsuit"), alleging that multiple City ordinances violate the First Amendment. Specifically, Plaintiff alleged that Defendant's ordinances constitute an unlawful prior restraint on the rights of assembly and free expression under the United States Constitution and Idaho Constitution.

B.  The Parties will, subject to the terms and conditions of this Agreement, pay Plaintiffs the amount set forth in this Agreement in full settlement of the Lawsuit.

C.  The Parties acknowledge that if the conditions set forth in this Agreement are satisfied, it is their intent and agreement to discharge the other Party of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever which the Parties now have on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages or injuries of any type, whether bodily, personal, constitutional, property, or of any nature however characterized, and the consequences resulting from any claims or actions, and from any and all liability to the other Party, as set forth herein.

D.  It is understood and agreed by Plaintiff that this settlement is the compromise of disputed claims, and that this Agreement is not to be construed as an admission of liability on the part of the Parties hereby released, and that said Defendant denies liability therefore and intends merely to avoid further litigation.

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT -**

# AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants contained in this Agreement and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties agree as follows:

1. REPRESENTATIONS AND WARRANTIES.

    1.1 The following representations and warranties shall survive the execution of this Agreement and the completion of the settlement described herein:

    1.2 Plaintiff represents and warrants:

    i. That Plaintiff is the sole owner of the claims and causes of action released in this Agreement and has not sold, transferred, conveyed, or otherwise assigned any interest therein to any other person or entity, and that Plaintiff has all requisite authority and capacity to enter into this Agreement;

    ii. There are no other persons or entities who now have or may hereafter acquire Plaintiff's rights to proceed against Defendant on any of the claims and/or causes of action released in this Agreement; and

    iii. Plaintiff will not bring any further claims or suit against Defendant, including their agents, employers, insurers or assigns related to the events or occurrences that are the subject of the events in the Lawsuit, except as otherwise set forth herein.

    1.3 Plaintiff further declares and represents that no promise, inducement or agreement not herein expressed has been made to Plaintiff, and that this release contains the entire agreement between the Parties hereto, and that the terms of this release are contractual and not a mere recital.

    1.4 Defendant represents and warrants:

    i. That Defendant has all requisite authority to enter into this Agreement. The execution, delivery, and performance of this Agreement have been duly authorized as required by Title 50, Idaho Code.

    i. That Defendant is not aware of any other claims against it related to the claims subject to this Agreement.

2. CONDITIONAL SETTLEMENT TERMS AND CONDITIONS.

    2.1 <u>The Settlement</u>. The Parties agree to the following settlement terms in full settlement of Plaintiff's claims as described in the Recitals above:

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT -**

    i.    Within 90 days of agreement, City staff will present to the City Council, with a "do pass" recommendation, amendments to the City Code as set forth in the attached **Exhibit A**.

    ii.    Within 90 days of agreement, the City will adopt the policy set forth in **Exhibit B** to govern permits and permit exemptions for First Amendment activities in City parks. If accompanying terms of use and permit applications are available within those 90 days, the City will provide them to Sierra Club to review.

    iii.    The parties will stipulate to stay this case for 90 days from the date of agreement. During that time, existing Executive Order 2024-1 related to the Boise City Code § 5-7-3 will remain in place.

    iv.    If, within 90 days of agreement, City Council has passed the City Code amendments in Exhibit A without modification, then Sierra Club will dismiss the Lawsuit with prejudice and execute a release as to its claims against the facial validity of these City Code provisions as amended, but without prejudice as to any claims challenging enforcement of those provisions as applied to particular situations, any terms of use or permit applications that Sierra Club has not both reviewed and agreed to include in the release, or any other future City restrictions on sound, amplified sound, noise, or park use.

    v.    Within 30 days of such a dismissal, the City will pay Plaintiff's counsel $80,000 for Sierra Club's attorney fees and costs.

    vi.    However, if the City Council does not pass all of the amendments in Exhibit A without modification within 90 days of agreement, if the City does not adopt the policy set forth in Exhibit B without modification within 90 days of agreement, or if the City adopts applicable terms of use or permit applications that Sierra Club does not agree to, then either party may withdraw from the agreement and litigation may resume.

2.2    <u>Release</u>. Upon dismissal of the lawsuit (as set forth in and subject to Sections 2.1.iv. above), the Parties release, acquit and forever discharge the other Party, their administrators, agents, employees, representatives, successors, insurers, indemnitors and assigns, and any person or persons acting for, by or through them, from any claims, actions, causes of action, appeals, demands, rights, damages, costs, attorney fees under state or federal law, loss of service, expense, and/or compensation whatsoever:

    i.    Concerning the facial validity of Title 5, Chapter 7, of the Boise City Code, as amended, and Boise City Code sections 7-7A-5(D)(4) and 7-7A-7(C), which the Parties now have or, except as to subsequent amendments to Title 5, Chapter 7, of the Boise City Code, or the policy set out at Exhibit B, as adopted, which

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT -**

        may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages, economic losses, and consequences thereof resulting or to result from the events and circumstances described in the Recitals above.

    ii.    Concerning the as-applied validity which the Parties now on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages, economic loses, and consequences thereof resulting or to result for the events and circumstances described in the Recitals above.

    iii.    This release will not include any as-applied claims arising after dismissal of the Lawsuit. It does not include any action challenging any subsequent amendments to Title 5, Chapter 7, of the Boise City Code, or the policy set out at Exhibit B, as adopted. Nor will it apply to changes in terms of use or permit application forms arising after dismissal of the Lawsuit.

2.3    <u>Successors/Assigns</u>. This Agreement shall continue perpetually and shall be binding upon and inure to the benefit of the heirs, devisees, successors and assigns of the Parties.

2.4    <u>Complete Agreement</u>. It is expressly understood and agreed that this Agreement constitutes the entire agreement and understanding of the Parties and supersedes any and all prior agreements, commitments, oral or written exchanges, arrangements, or negotiations between them and/or their representatives concerning the subject matter of this Agreement. The Parties state there are no promises, representations, agreements, arrangements or understandings, oral or written, concerning the subject matter of this Agreement that are not fully expressed or incorporated herein, and that the terms of this Agreement are contractual and not mere recitals.

2.5    <u>Disclaimer of Representations/Warranties</u>. Except as expressly set forth in this Agreement, the Parties have not made and do not make any other representations, warranties, statements, promises, or agreements to or with each other. The Parties have relied upon their own investigation and due diligence into the facts as to their legal positions and are basing their decision to enter into this Agreement solely upon their own investigation and upon the advice of their own counsel and not upon any fact, position or statement made by the other party.

2.6    <u>Amendment/Modification</u>. This Agreement may not be amended, modified, altered, changed, rescinded, cancelled, terminated, or supplemented in any manner whatsoever except by agreement in writing signed by all Parties affected by such agreement.

2.7    <u>Severability</u>. If any provision of this Agreement is or may be held by a Court of competent jurisdiction to be invalid, illegal, void, or otherwise unenforceable, such

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT -**

provision shall be severable from all the other provisions of this Agreement and the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

2.8 <u>Execution and Counterparts</u>. This Agreement may be executed in several counterparts, no one of which need be executed by all Parties, but each of which shall be an original and shall constitute but one and the same instrument. A faxed or scanned executed copy of this agreement shall be sufficient, and have the same force and effect as the original signed document.

2.9 <u>Construction/Interpretation</u>. The terms and provisions of this Agreement were arrived at by mutual negotiation. Moreover, this Agreement has been prepared by the joint efforts of the respective attorneys for the Parties. Consequently, any rule of construction that would require any ambiguities in this Agreement to be resolved against the drafting party shall not be applicable to the interpretation or construction of this Agreement.

2.10 <u>Headings</u>. Headings in this document are for the convenience of the Parties and shall not be used in construing this Agreement.

2.11 <u>Choice of Law</u>. The Parties agree that the interpretation of this Agreement, including any disputes arising out of this Agreement, shall be governed by Idaho law.

2.12 <u>Acknowledgements</u>. The Parties acknowledge and agree that:

　i. They have carefully read this Agreement;

　ii. They have relied solely upon their own judgment in deciding to execute this Agreement;

　iii. They understand this Agreement and its terms and effects;

　iv. They voluntarily execute this Agreement as their own free act; and

　v. They have had adequate time to consult with legal counsel of their own choosing regarding all aspects of this Agreement prior to its execution.

**THE PARTIES HAVE READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT AND UNDERSTAND THAT IT IS CONTRACTUALLY BINDING.**

(*Signature Pages to Follow*)

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT -**

PLAINTIFF:

_____
Sierra Club
By: Lisa Young
Its: Idaho Chapter Director


APPROVED AS TO FORM
WREST COLLECTIVE

_____
Richard Eppink, Of the Firm
Attorney for Plaintiff

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT -**

DEFENDANT:

*[signature]*

City of Boise
By: _Jayme Sullivan_
Its: _City Attorney_


APPROVED AS TO FORM
NAYLOR & HALES, P.C.

*[signature]*

Reid K. Peterson, Of the Firm
Attorney for Defendant

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT -**

# EXHIBIT A

**5-7-3: NOISE PROHIBITIONS:**

It shall be unlawful for any person to operate or permit the operation of any loud amplification device in such a manner that the sound therefrom:

A. Is plainly audible within any place of residence not the source of the sound; or

B. Is plainly audible upon a public right-of-way or street at a distance of one hundred feet (100') or more from the source of such sound. (1952 Code § 6-20-03)

**5-7-4: EXEMPTIONS:**

The following sounds are exempted from the provisions of this chapter:

A. Sounds caused by any emergency vehicle or personnel when responding to an emergency call or acting in time of emergency;

B. Sounds caused by activities upon any outdoor Municipal, school, religious or publicly owned property or facility; provided, that such activities have been authorized by the owner of such property or facility or its agent;

C. Sounds caused by parades, fireworks displays or any other event for which a permit for that type of activity is required and has been obtained from the authorized governmental entity within such hours as may be imposed as a condition for the issuance of said permit;

D. Sounds caused by locomotives or other railroad equipment;

E. Sounds caused by burglar alarms that are not in violation of this Code;

F. Sounds caused by safety warning devices required by law;

G. Sounds caused by devices approved for use within the confines of the particular zoning designation that the device is located or pursuant to a conditional use permit (i.e., drive-through window speakers, car lot PA systems);

H. Sounds emanating from devices used within the common areas of a multi-unit facility whose use has been approved by the owners or management of the facility. Said use must be in compliance with any regulations imposed by the owners or management of the facility to be exempt under this chapter. This exemption only applies in relation to other units within the same facility;

I. Notwithstanding any other provision in this section, sounds caused by the exercise of a right guaranteed by the First Amendment to the United States Constitution or Article I, Sections 9 and 10 of the Idaho Constitution; including, for example, but not limited

to, rallies, marches, addresses, and performances on or in any public street, way, sidewalk, plaza, or park.

**EXHIBIT B**

**Boise City Department of Parks and Recreation Permit Policy**

**I. Background.** The City of Boise has an obligation to protect the public's use and enjoyment of parks while simultaneously protecting the guarantees as provided by the First Amendment to the United States Constitution or Article I, Sections 9 and 10 of the Idaho Constitution.

**II. Purpose.** This Park and Recreation Permit Policy establishes a systematic and consistent approach to reviewing and granting permits for individuals and organizations that want to use a public park for activities protected by the First Amendment to the United States Constitution or Article I, Sections 9 and 10 of the Idaho Constitution.

**III. Authority.** The Boise Parks and Recreation Director is authorized, by Boise City Code Sections 1-10E-2 and 1-10E-3 to superintend, direct, and manage the department, including all public park grounds, park and recreation facilities, open space, zoos, and cemeteries in the City, in accordance with applicable directions, orders, rules and regulations adopted and promulgated by the Parks and Recreation Department and, as may be required by ordinance, ratified, adopted and approved by the City Council and Mayor. The Director shall exercise all powers and duties necessary and incidental to those authorized by the Constitution, Federal law, State Code, this Code and policies and procedures set forth by the Mayor and City Council.

**IV. Guiding Principles.**

   A. The Parks and Recreation Department protects the use and enjoyment of our parks for all members of the public.

   B. The City of Boise is committed to protecting the public's rights as set forth in the First Amendment to the United States Constitution and Article I, Sections 9 and 10 of the Idaho Constitution.

**V. Policy.**

   A. Individuals and small groups do not need a permit for activities protected by the First Amendment to the United States Constitution or Article I, Sections 9 and 10 of the Idaho Constitution (including, for example, but not limited to, rallies, marches, addresses, and performances). Groups of 150 people or larger must obtain a permit but are not required to pay any fee at Ann Morrison Park, Cassia Park, Cecil D. Andrus Park, Cherie Buckner-Webb Park, Fort Boise Park, The Grove Plaza, Julia Davis Park, Molenaar Park, Veteran's Memorial Park, and Kristin Armstrong Municipal Park. Groups of 50 people or larger must obtain a permit but are not required to pay any fee at all other Parks. Groups without permits will be allowed to use Parks on a first come first serve basis. A group with a valid permit will be permitted to displace a group without a permit.

   B. A spontaneous event involving activities protected by the First Amendment to the United States Constitution or Article I, Sections 9 and 10 of the Idaho Constitution (including, for example, but not limited to, rallies, marches, addresses, and performances) that occurs at

the spur of the moment, or that occurs in reaction to an international, national, state, regional or local issue does not require a permit. A spontaneous event is one that, even with the exercise of due diligence, cannot reasonably be planned or anticipated within 30 days of the event.

C. An application for a Permit to hold an activity protected by the First Amendment to the United States Constitution or Article I, Sections 9 and 10 of the Idaho Constitution (including, for example, but not limited to, rallies, marches, addresses, and performances) shall be approved by the Department of Parks and Recreation UNLESS:

  1. There are inadequate parking and/or sanitation facilities to accommodate the size of the event; or
  2. Denial is necessary to protect grounds, buildings and other amenities from damage and/or overuse; or
  3. The event would conflict with a previously planned event with a valid permit; or
  4. The application is incomplete or inaccurate; or
  5. Applicant fails to agree to terms of City of Boise Department of Parks and Recreation Terms of Use.

D. The terms of this policy control over any conflicting or inconsistent policy or directive regarding the use of Parks in the City of Boise.